## Hreshko v. State Farm Insurance Company

*Samuel L. Merovitz*, for plaintiffs.
*William J. Barker, Jr.*, for defendant.

KLEIN, *J.*, August 2, 1979—This is a petition by the insured to compel common law arbitration under the uninsured motorist coverage of a policy of public automobile liability insurance issued by defendant insurance company.

The petition avers that on or about November 30, 1977, plaintiff Richard S. Hreshko was injured by a hit and run driver; that the incident was reported to defendant; and that a demand for arbitration was refused by defendant.

Defendant filed an answer requesting plaintiffs' petition be dismissed for the reason that by the terms of the insurance policy: "Unless the parties otherwise agree, the arbitration shall be conducted in the county and state in which *the insured* resides . . ." (paragraph 10 on page 14 of the policy). Since plaintiffs do not aver that the parties agreed otherwise, and since they reside in Montgomery County, defendant argues that the arbitration must take place in that county.

Plaintiffs filed a response to defendant's answer in which they relied upon the provisions of Pa.R.C.P. 2179, which permits an action to be brought in a case of this kind in any county where defendant conducts business. We do not find that rule relevant to the question at issue because the parties have entered into a contract and they are bound by the terms thereof. There is no doubt Rule 2179 would apply if there were no contract, but it is equally clear that the rule cannot supersede the terms of a contract which specifically covers the question at issue. For this reason we shall dismiss plaintiffs' petition.

In view of the above we need not rule upon the second question raised by defendant, i.e., whether plaintiffs are entitled to arbitration under common law rules.

Accordingly, we enter the following

## ORDER

And now, August 20, 1979, upon consideration of plaintiffs' petition to compel common law arbitration and defendant's answer, it is ordered and decreed that plaintiffs' petition be, and hereby is, dismissed.